UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GEORGE BRANDON BOX, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | CAUSE NO. 3:10-CV-240 RM |
| ) | |
| SUPERINTENDENT ) | |
| ) | |
| Respondent ) | |

OPINION AND ORDER

George Brandon Box, a *pro se* prisoner, filed a habeas corpus petition challenging his conviction and 55-year murder sentence in the Lake Superior Court under cause number 45G02-0408-MR-7. Mr. Box presents four grounds alleging ineffective assistance of trial counsel. The respondent argues that all four are procedurally defaulted because the Court of Appeals of Indiana found them to have been waived. "The procedural default doctrine precludes federal review of a state court's habeas decision when the state court's decision was based on adequate and independent state law . . . ." Ward v. Jenkins, 613 F.3d 692, 696 (7th Cir. 2010). Waiver constitutes an adequate and independent state procedural ground that bars federal review. Sturgeon v. Chandler, 552 F.3d 604, 611 (7th Cir. 2009).

In state court, on appeal from the denial of his post-conviction relief petition, Mr. Box presented only "four issues [all related to] whether Box was denied effective assistance of trial counsel." Box v. State, 45A03-0912-PC-559, 924 N.E.2d 678 (Table), 2010 WL 1049872, 2010 Ind. App. Unpub. LEXIS 394 (Ind. Ct. App. Mar. 23, 2010), ECF 10-9 at 3. The Indiana Court of Appeals found that "[t]o the extent that Box suggests that his trial counsel

was ineffective, Box fails to put forth a cogent argument or cite to the record. Consequently, these issues are waived." Id., ECF 10-9 at 5 (footnote omitted). Mr. Box petitioned for transfer to the Indiana Supreme Court, but was summarily denied. "[W]here, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits." Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (quotation marks, brackets, and citations omitted). *See also* Liegakos v. Cooke, 106 F.3d 1381, 1385 (7th Cir. 1997) ("[T]he disposition of the last state court to issue an opinion determines whether the state has invoked a ground of forfeiture.") Thus, Mr. Box's claims are procedurally defaulted and can't be reviewed on the merits unless he establishes some basis for setting aside the default.

A habeas petitioner can overcome a procedural default by showing both cause for not abiding by state procedural rules and a resulting prejudice from that failure. Wainwright v. Sykes, 433 U.S. 72, 90 (1977). Mr. Box makes no effort to show cause and prejudice or to explain why he didn't clearly present his arguments (with citations) to the Indiana Court of Appeals.

A habeas petitioner can also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. House v. Bell, 547 U.S. 518, 536 (2006). In his traverse, Mr. Box argues that "a fundamental miscarriage of justice occurs whenever a conviction or sentence is obtained in violation of a federal constitutional right." ECF 13 at 4. Then he argues the merits of his

2

four ineffective assistance of counsel claims in an effort to demonstrate the violation of a federal constitutional right.

These arguments don't overcome the procedural default because Mr. Box hasn't properly defined the parameters of the fundamental miscarriage of justice test. Under that exception, Mr. Box must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime."[1] Schlup v. Delo, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's . . . ." Buie v. McAdory, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). Mr. Box hasn't demonstrated that he is actually innocent. Even if (as he argues) there were due process violations during his trial and even if (as he argues) his trial counsel provided him with ineffective assistance, neither of those demonstrate that Mr. Box did not committed this murder. Therefore he has not overcome having procedurally defaulting his claims in state court, and this court is barred from addressing his claims on the merits and must deny this petition.

Under RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must consider whether to grant Mr. Box a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable

---

[1] Mr. Box correctly argues that habeas corpus relief "is not limited to claims of actual innocence," (ECF 13 at 4), but misunderstands that the court can't address the merits of his habeas corpus claims unless he can overcome procedural default.

whether the court was correct in its procedural ruling. Id. at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. Id.  As just explained, these claims were procedurally defaulted in state court and Mr. Box hasn't presented any argument that could excuse that default. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For these reasons, the court DENIES the petition and DECLINES to issue a certificate of appealability.

SO ORDERED.

ENTERED: September  12 , 2011

/s/ Robert L. Miller, Jr.
Judge
United State District Court

cc: G. Box
    J. Martin-DAG